2020 MAR 17 PM 1:53
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
FILED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2020 Grand Jury

| UNITED STATES OF AMERICA, | No. 19-CR-00714(A)-PA |
|---|---|
| Plaintiff, | F I R S T |
| | S U P E R S E D I N G |
| v. | I N D I C T M E N T |
| RAYMOND GHALOUSTIAN, | [21 U.S.C. §§ 841(a)(1), |
| Defendant. | (b)(1)(A)(viii), (b)(1)(B)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 924(c)(1)(A)(i): Carrying a Firearm During and in Relation to, and Possession of a Firearm in Furtherance of, a Drug Trafficking Crime; 18 U.S.C. §§ 922(g)(1), (g)(9): Prohibited Person in Possession of a Firearm and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture]. |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about August 31, 2019, in Los Angeles County, within the Central District of California, defendant RAYMOND GHALOUSTIAN knowingly and intentionally possessed with intent to distribute at

least five grams, that is, approximately 27.8 grams, of
methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about August 31, 2019, in Los Angeles County, within the Central District of California, defendant RAYMOND GHALOUSTIAN knowingly carried a firearm, namely, a Beretta, model 92FS, 9mm caliber pistol, with an obliterated serial number, during and in relation to, and possessed that firearm in furtherance of, a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii), as charged in Count One of this First Superseding Indictment.

COUNT THREE

[18 U.S.C. §§ 922(g)(1), (g)(9)]

On or about August 31, 2019, in Los Angeles County, within the Central District of California, defendant RAYMOND GHALOUSTIAN knowingly possessed a firearm, namely, a Beretta, model 92FS, 9mm caliber pistol, with an obliterated serial number, and ammunition, namely, seven rounds of Winchester 9mm caliber ammunition, in and affecting interstate and foreign commerce.

Defendant GHALOUSTIAN possessed such firearm and ammunition knowing that he had previously been convicted of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Forgery Financial Instrument, in violation of Texas Penal Code 32.21(d), in the 219th Judicial District Court of Collin County, Texas, case number 219-82605-2014, on or about June 5, 2015;

(2) Grand Theft, in violation of California Penal Code Section 484E(D), in the Superior Court for the State of California, County of Los Angeles, case number GA095641, on or about January 29, 2016; and

(3) Vehicle Theft, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Los Angeles, case number LA084543, on or about November 10, 2016.

Additionally, defendant GHALOUSTIAN possessed such firearm and ammunition knowing that he had previously been convicted of a misdemeanor crime of domestic violence, namely, Battery Against a Spouse or Cohabitant, in violation of California Penal Code Sections 242, 243(e), in the Superior Court for the State of California, County of Santa Clara, case number CC626906, on or about June 16, 2006.

4

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about October 30, 2019, in Los Angeles County, within the Central District of California, defendant RAYMOND GHALOUSTIAN knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 62.5 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about October 30, 2019, in Los Angeles County, within the Central District of California, defendant RAYMOND GHALOUSTIAN knowingly carried a firearm, namely, a Smith & Wesson, Model Bodyguard 380, .380 caliber, semi-automatic pistol, with an obliterated serial number, during and in relation to, and possessed that firearm in furtherance of, a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count Four of this First Superseding Indictment.

COUNT SIX

[18 U.S.C. §§ 922(g)(1), (g)(9)]

On or about October 30, 2019, in Los Angeles County, within the Central District of California, defendant RAYMOND GHALOUSTIAN knowingly possessed a firearm, namely, a Smith & Wesson, Model Bodyguard 380, .380 caliber, semi-automatic pistol, with an obliterated serial number, and ammunition, namely, five rounds of Winchester .380 caliber ammunition and two rounds of Federal .380 caliber ammunition, in and affecting interstate and foreign commerce.

Defendant GHALOUSTIAN possessed such firearm and ammunition knowing that he had previously been convicted of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Forgery Financial Instrument, in violation of Texas Penal Code 32.21(d), in the 219th Judicial District Court of Collin County, Texas, case number 219-82605-2014, on or about June 5, 2015;

(2) Grand Theft, in violation of California Penal Code Section 484E(D), in the Superior Court for the State of California, County of Los Angeles, case number GA095641, on or about January 29, 2016; and

(3) Vehicle Theft, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Los Angeles, case number LA084543, on or about November 10, 2016.

Additionally, defendant GHALOUSTIAN possessed such firearm and ammunition knowing that he had previously been convicted of a misdemeanor crime of domestic violence, namely, Battery Against a Spouse or Cohabitant, in violation of California Penal Code Sections 242, 243(e), in the Superior Court for the State of California,

7

County of Santa Clara, case number CC626906, on or about June 16, 2006.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of any of the offenses set forth in Counts One and Four of this First Superseding Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(b)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following:

1.    One Beretta, model 92FS, 9mm caliber pistol, with an obliterated serial number;

2.    Seven rounds of Winchester 9mm caliber ammunition;

3.    One Smith & Wesson, Model Bodyguard 380, .380 caliber, semi-automatic pistol, with an obliterated serial number;

4.    Five rounds of Winchester .380 caliber ammunition;

5.    Two rounds of Federal .380 caliber ammunition; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of any of the offenses set forth in Counts Two, Three, Five, and Six of this First Superseding Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following:

1.   One Beretta, model 92FS, 9mm caliber pistol, with an obliterated serial number;

2.   Seven rounds of Winchester 9mm caliber ammunition;

3.   One Smith & Wesson, Model Bodyguard 380, .380 caliber, semi-automatic pistol, with an obliterated serial number;

4.   Five rounds of Winchester .380 caliber ammunition;

5.   Two rounds of Federal .380 caliber ammunition; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.     Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

SHAWN J. NELSON
Assistant United States Attorney
Acting Deputy Chief,
General Crimes Section

SUSAN S. HAR
Assistant United States Attorney
General Crimes Section