NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SUSAN S. HAR (Cal. Bar No. 301924)
ASHLEY FILLMORE (Cal. Bar Pending)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3289/2416
    Facsimile: (213) 894-0141
    E-mail:   susan.har@usdoj.gov
               ashley.fillmore@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>RAYMOND GHALOUSTIAN,<br><br>        Defendant. | No. CR 19-714(A)-PA<br><br>GOVERNMENT'S MOTION IN LIMINE NO. 1 TO ADMIT INEXTRICABLY INTERTWINED EVIDENCE OR, IN THE ALTERNATIVE, UNDER FEDERAL RULE OF EVIDENCE 404(B); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION<br><br>Hearing Date: May 4, 2020<br>Time:        3:00 p.m.<br><br>Trial Date:   May 26, 2020<br>Time:        8:30 a.m.<br>Location:    Courtroom of the<br>            Hon. Percy Anderson |
|---|---|

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ashley Fillmore and Susan S. Har, hereby files its motion in limine to admit evidence of (1) drug paraphernalia consistent with heroin use found in the car

during the August 31, 2019 arrest, and (2) fraudulent or stolen credit cards, ID cards, and passport photos found on defendant's person and in the car during the October 30, 2019 arrest.

    This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

    This joint filing includes defendant's opposition and the government's reply.

Dated: April 13, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

      /s/
ASHLEY FILLMORE
SUSAN S. HAR
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Raymond Ghaloustian ("defendant") is charged with drug (methamphetamine) and firearm offenses based on his conduct arising from traffic stops on August 31 and October 30, 2019.  The government seeks to admit inextricably intertwined evidence from both arrests.

On August 31, Los Angeles Police Department ("LAPD") officers found paraphernalia with burnt residue consistent with heroin in the car that defendant had been driving.  Such evidence, while not charged, is inextricably intertwined with the charged methamphetamine — and defendant's intent to distribute that methamphetamine — particularly in light of the anticipated defense that defendant is a methamphetamine user and the charged drugs were for his personal use.

On October 30, LAPD found evidence of identity theft on defendant's person and throughout the car.  Defendant was charged with two baggies of methamphetamine on his person and with another baggie that was found with a digital scale in the rear of the car. Notably, defendant had (1) on his person, over 20 fraudulent credit cards and ID cards, and (2) in the car, fraudulent passport pages with his photos, pages of personal identifying information ("PII"), and a printer.  That evidence of identity theft was <u>both</u> on defendant's person and in the car demonstrates defendant had knowledge of, and control and access over, the items in the car, including the drugs and the scale.

The heroin paraphernalia and identity theft evidence is also admissible under Rule 404(b) to prove motive, intent, and knowledge.

## II. FACTUAL BACKGROUND

### A. August 31, 2019 Arrest[1]

On August 31, 2019, LAPD officers pulled over defendant near the intersection of Sherman Way and Allot Avenue. Defendant was driving a car without a front license plate. An uncharged person, H.K., was in the passenger seat. Upon officer request, both defendant and H.K. got out of the car and stood on the sidewalk. When asked whether defendant had any weapons on him, defendant responded that he did not. However, when the officer patted down defendant, he found: (1) in defendant's waistband, a Beretta, 9mm caliber pistol, with an obliterated serial number, and one bullet in the chamber, and (2) in defendant's front pocket, approximately 27.8 grams of actual methamphetamine and over $1,600 in cash. In the car, LAPD officers found in the center console a box containing burnt tar-like substance resembling heroin, as well as three pieces of metal and a $20 dollar bill, all with burnt heroin-like residue.

### B. October 30, 2019 Arrest[2]

On October 30, 2019, two LAPD officers (different officers from the August 31 arrest) were on patrol in the North Hills Area looking for stolen cars when they approached a parked Mercedes with a rear license plate that had been fully spray-painted black and with the front passenger door open. Suspecting a possible stolen vehicle or

---

[1] Counts One (possession with intent to distribute methamphetamine), Two (carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime), and Three (felon in possession of a firearm and ammunition) arise from defendant's conduct on August 31, 2019.

[2] Counts Four (possession with intent to distribute methamphetamine), Five (carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime), and Six (felon in possession of a firearm and ammunition) arise from defendant's conduct on October 30, 2019.

burglary, Officer Omar Castaneda approached the driver's side of the car where defendant was sitting. H.L., an uncharged person, was sitting in the passenger seat. When asked about the spray-painted license plate, defendant claimed that he accidentally painted over the license plate when painting his rims. Officer Castaneda asked whether the car was registered to defendant. Defendant initially claimed that it was, and then stated the car was registered to "auto sales." However, defendant could not provide a driver's license or car registration. The officers ordered defendant and H.L. out of the car, placed them in handcuffs, and escorted them to the sidewalk.

Officers conducted a wants and warrants search for defendant and discovered he had an outstanding arrest warrant for a weapons violation.[3] The officers searched the car. In the rear, a backseat was reclined forward, providing access to the trunk area. On top of the reclined seat, there was a large sheet of black plastic covering a printer and various backpacks and bags, including a large black purse. Officer Castaneda began to look in the purse and found a suspected fraudulent passport. From the car, Officer Castaneda held up the purse and asked: "Whose purse is this?" Defendant responded, "That's my purse." Inside the purse, Officer Castaneda found a digital scale and a pouch containing a plastic baggie and a brown vial containing 25.68 grams and 1.87 grams, respectively, of actual methamphetamine. Also in the backseat area, officers found a backpack containing: (1) a pink binder with papers with PII; (2) pages printed with fraudulent passports bearing defendant's

---

[3] The arrest warrant (19-MJ-04022) related to the Complaint filed in this case against defendant for his possession of a gun on August 31, 2019, in violation of 18 U.S.C. § 922(g)(1).

3

photograph but different names and identifying information; and (3) a blank template for a California driver's license.  In the center console, officers found a notebook with handwritten PII.

Officer Castaneda arrested defendant and gave a <u>Miranda</u> advisement.  Officers searched defendant's person and found: (1) in his pants pockets, (a) over 20 suspected fraudulent credit cards and false ID cards and (b) two baggies – one with 15.36 grams and one with 21.52 grams of actual methamphetamine[4]; and (2) concealed in his groin area, a Smith & Wesson .380 caliber, semi-automatic pistol, with an obliterated serial number and one bullet in the chamber.

**III. ARGUMENT**

**A.   The Evidence Is Admissible as Inextricably Intertwined**

"Evidence should not be considered 'other crimes' or 'other act' evidence within the meaning of Rule 404(b) if the evidence concerning the 'other' act and the evidence concerning the crime charged are inextricably intertwined." <u>United States v. Dorsey</u>, 677 F.3d 944, 951 (9th Cir. 2012) (quotation omitted).  Evidence is "inextricably intertwined" when it is "necessary to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime," <u>id.</u>, or is "necessary to put [defendant's] illegal conduct into context and to rebut his [defense]." <u>United States v. Daly</u>, 974 F.2d 1215, 1217 (9th Cir. 1992).

Evidence of the heroin paraphernalia from the car on August 31 is inextricably intertwined because it is necessary for the government to offer a coherent and comprehensible story, to put

---

[4] These two baggies, along with the one baggie containing 25.68 grams of methamphetamine from the car, make up the approximately 62.5 grams of methamphetamine charged in Count Four.

4

defendant's illegal conduct in context, and to rebut the defense. The government expects that LAPD Officer Green will testify that he believed defendant possessed narcotics for sale on August 31, 2019, based on defendant's possession of a distribution quantity of the methamphetamine, a large amount of cash in multiple denominations, and the loaded firearm on his person.  That law enforcement found only paraphernalia consistent with heroin use in the car further informed why Officer Green believed defendant engaged in drug sales. That is, the only personal use evidence related to heroin, not methamphetamine.  Moreover, the government expects that defendant will argue that he possessed the methamphetamine for his personal use or otherwise attack law enforcement for its conclusion that defendant intended to distribute drugs.  The heroin paraphernalia is relevant to rebut this defense.

From the October 30, 2019 arrest, evidence that defendant possessed on his person over 20 fraudulent credit card and ID cards and in the car other identity theft materials, including the notebook with PII, the printer, and the fraudulent passport pages with defendant's photos, is direct evidence of the charged crimes. Specifically, defendant is charged with the baggie of methamphetamine that was stashed with a digital scale in a black purse in the rear of the car, hidden underneath a black sheet of plastic.  The government has the burden of proving that defendant possessed those drugs. Evidence of identity theft (a unique identifier) was found both on defendant's person <u>and</u> throughout the car, including in a backpack containing defendant's photographs, which was next to the purse with the charged drugs.  No drugs or evidence of identity theft were recovered from passenger H.L.'s person.  In other words, the identity

5

theft evidence ties defendant to the items in the car, including the drugs, and shows <u>defendant</u> controlled and possessed the car and its contents. Such evidence provides crucial context for the jury regarding "the circumstances surrounding the crime with which the defendant has been charged . . . thereby allowing the jury to make sense of the testimony in its proper context." <u>United States v. Ramirez-Jiminez</u>, 967 F.2d 1321, 1327 (9th Cir. 1992). This evidence also is necessary to rebut any defense that defendant did not know about the purse in the car or its contents.

### B. The Evidence Is Also Admissible Under Rule 404(b) to Prove Defendant's Motive, Intent, and Knowledge

This evidence also is admissible under Rule 404(b) as proof of defendant's motive, intent, and knowledge. <u>See</u> Fed. R. Evid. 404(b). Rule 404(b) "is one of inclusion' in that 'other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity." <u>United States v. Chea</u>, 231 F.3d 531, 534 (9th Cir. 2000) (quotation omitted). Rule 404(b) evidence is admissible when the acts: (1) tend to prove a material issue in the case; (2) are similar to the offense charged; (3) are based upon sufficient evidence; and (4) are not too remote in time. <u>United States v. Iverson</u>, 162 F.3d 1015, 1026 (9th Cir. 1998).

The material issues in this case are defendant's intent to distribute methamphetamine and, particularly for the October 30 charges, his knowledge of the charged drugs in the car. The heroin paraphernalia is relevant to prove defendant's motive and intent to distribute drugs on both days. The government intends to offer testimony from a drug expert that the amount of methamphetamine was consistent with distribution (as opposed to personal use), drug

6

dealers often deal to fund their addictions, and dealers may deal one type of drug (e.g., methamphetamine) to fund their addiction to another type of drug (e.g., heroin). That defendant had items consistent with heroin use (and not methamphetamine use) is therefore relevant to his motive and intent to distribute the methamphetamine, rather than to use it for himself.

Likewise, the identity theft evidence from October 30 bears on defendant's knowledge and possession of the drugs and scale in the car that day. As noted above, such evidence is so closely related to the charged crime as to be inextricably intertwined but also is directly relevant to prove defendant's knowledge and control of the items in the car, including the drugs and scale from the purse.

This physical evidence is additionally displayed on the body worn videos (sufficient evidence) and was found at the same time as the charged conduct in this case (not remote in time). Finally, this evidence is highly probative and that probative value is not outweighed by the danger of unfair prejudice. See United States v. Parker, 549 F.2d 1217, 1222 (9th Cir. 1977) (Rule 404(b) evidence "is not rendered inadmissible because it is of a highly prejudicial nature. . . . The best evidence often is"). The evidence is neither inflammatory nor sensational, and, in any case, any concern that the jury may use the evidence for an improper purpose, can be mitigated with a limiting instruction to the jury. See, e.g., Dubria v. Smith, 224 F.3d 995, 1002 (9th Cir. 2000) ("Ordinarily, a cautionary instruction is presumed to have cured prejudicial impact.")

**IV. CONCLUSION**

The government respectfully requests that the Court grant its motion in limine and admit the evidence as inextricably intertwined.

7

**OPPOSITION TO GOVERNMENTS MOTION IN LIMINE NO. 1**

The present case arises out of two arrests suffered by Mr. Ghaloustian. Both arrests followed stops by LAPD officers for remarkably minor vehicle code violations that led to defendant's arrest and to the warrantless search of defendant and the cars involved. The Government now intends to use evidence of "burnt residue consistent with heroin" at the August 31, 2019 arrest, as well as evidence of evidence of identity theft and fraud at the October 30, 2019 arrest.

The Government contends that the evidence it seeks to introduce is "inextricably intertwined" from the evidence needed to prove the present charges, and that this evidence is also relevant to prove "motive, intent and knowledge". The defense contends that evidence in question is irrelevant to the present charges, is not "inextricably intertwined" to the evidence necessary to prove the crimes charged and that admission of such evidence would be unduly prejudicial to the defense

**A.  The Evidence Is Not "Inextricably Intertwined" With the Present Charges.**

Evidence "inextricably intertwined" with evidence of charged offenses may be admissible independent of Federal Rules of Evidence § 404(b). *United States v. Dorsey*, 677 F.3d 944 (9th Cir. 2012). Such evidence is considered "intrinsic" when the "evidence of other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or other acts were necessary preliminaries to the crime charged." *United States v. Miranda*, 248 F.3d 434, 440 (5th Cir. 2001).

In the present case, none of the evidence that the Government seeks to introduce constitutes a part of the crimes charged, nor is such evidence necessary to permit the Government to present a comprehensible story to the jury. The Government offers no basis for its claim that this evidence is necessary to "offer a coherent and comprehensible story". Government's at 4. The present charges do not include allegations of fraud, and fraud is not related to any of the elements of the offenses charged. It is therefore not credible to claim that evidence of defendant's 'fraud activities' is necessary for the

Government to prove its case. It is also unclear how the Government can claim that the proffered evidence constitutes 'direct evidence' of the charged crimes. Government's at 5.

Similarly, The Government's arguments to introduce evidence of "burnt heroin" is misplaced. The present charges allege that defendant possessed methamphetamine with the intent to distribute, and there is no necessary connection between the "burnt heroin" evidence and the "intent" to distribute methamphetamine. Nor is there any basis for the assertion that this evidence is necessary for the Government to "put illegal conduct in context" (Government's at 5).

The Government's assertion that this evidence is necessary to "rebut a defense" is also not well taken and is at best premature. Government at 6. If the Government wants to rebut a 'defense', the Government will have that opportunity, but will also have to wait until such a defense is presented so this evidence to 'rebut' a defense should not be presented during the Government's case in chief.

### B. The Evidence Is Inadmissible Under 404(b)

The first requirement for this evidence is to make sure the proffered evidence is relevant to a material issue in the case other than the defendant's criminal character. *United States v. McKoy,* 771 F.2d 1207, 1214 (9th Cir. 1985). The defense submits that the Government's theory of admissibility does not pass this preliminary test. No articulable reason for calling this evidence "relevant" has been advanced by the Government, and it is the Government's "responsibility to show that the evidence: (1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time." *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002).

The Government's mere assertion that this evidence is proof of "motive intent and knowledge" is devoid of any basis. Government's at 6. It stretches credulity to conclude that evidence of fraud activity can be in any way used to prove 'motive', intent or

9

knowledge of the crimes charged, much less "highly probative", as claimed by the Government.  Government's at 7.

### C.  Evidence of "Burnt Heroin" Does Not Tend to Show That Defendant Possessed Methamphetamine with Intent To Distribute

The Government contends that evidence of "heroin paraphernalia" proves that defendant intended to distribute the charged methamphetamine.  Government's at 6.  There is simply no logical basis for this assertion.  It is not usual for heroin to be consumed at the same time as methamphetamine.  *See e.g.*:
https://www.addictioncampuses.com/polysubstances/meth-heroin/
("mixing crystal meth and heroin is growing in popularity. Sometimes referred to as a speedball as well, this mixture is also called a goofball.") This "polydrug use" is particularly common among hard drug users, because "[t]he combination of a psychomotor stimulant (meth) with an opioid (heroin), also called 'speedball', is reported to produce greater effects than when one drug is used on its own."
https://www.treehouserehab.org/heroin-meth/

Therefore, the presence of 'burnt heroin' in proximity to the presence of methamphetamine does not in any way indicate that there was an intent to 'distribute' the methamphetamine.

### D. The Evidence Would Be Unduly Prejudicial

It should be also be noted that, even if the evidence is relevant it can be admitted only if it is probative value is not outweighed by the danger of unfair prejudice.   The concern of unfair prejudice is particularly important in a case like this, where the probative value of the proffered evidence is virtually non-existent, because "where the probative value is slight, moderate prejudice is not acceptable".  See *United States v. Ramirez-Robles*, 386 F.3d 1234, 1243 (9th Cir. 2004).

It appears that the only purpose of introducing this evidence is to bias the trier of

fact against the defense.  This evidence is an invitation for the trier of fact to infer culpability based on uncharged, irrelevant allegations against Mr. Ghaloustian.

**GOVERNMENT'S REPLY**

"The prosecution is not restricted to proving in a vacuum the [charged] offense . . . [a] jury is entitled to know the circumstances and background of a criminal charge." Daly, 974 F.2d at 1217 (evidence of defendant's shoot-out was inextricably intertwined to charged crime of being a felon in possession of a gun). That defendant possessed identity theft items on his person and in his car -- the same places where the drugs and scale were recovered -- is inextricably intertwined with the charged crimes. Such evidence ties defendant directly to the charged methamphetamine in the car and is highly relevant to prove he had control, access, and possession over the car and its contents.

That law enforcement found heroin (and not methamphetamine) paraphernalia during the August 2019 arrest is also part of the circumstances and background that the jury is entitled to know, particularly as it relates to Officer Green's investigation and his conclusion that defendant possessed methamphetamine with intent to distribute it. Alternatively, the evidence is admissible under Rule 404(b) because it tends to prove that (1) defendant intended to distribute the methamphetamine he had (rather than to consume it for personal use), and (2) his motive to sell methamphetamine (so that he could purchase heroin).

Any risk of unfair prejudice is low. The defense cannot plausibly argue that the heroin paraphernalia injects a risk of bias, when the key defense will be that defendant _is_ a heavy drug user. Any risk that a jury will view a person who possesses fraudulent credit cards as having a propensity to distribute narcotics is attenuated and would easily be offset by a limiting instruction.

12

**DECLARATION OF COUNSEL**

I, SUSAN S. HAR, declare as follows:

1. I am an Assistant United States Attorney in the Central District of California. I am one of the prosecutors assigned to the case United States v. Raymond Ghaloustian, No. CR 19-714(A)-PA.

2. The government seeks an order from this Court admitting (1) evidence of the drug paraphernalia with residue consistent with heroin use that was recovered from the car defendant was driving on August 31, 2019, and (2) evidence of identity theft that was recovered on defendant's person and in the car on October 30, 2019.

3. AUSA Ashley Fillmore and I have discussed the subject of this motion with defense counsel on the telephone and via email. Defense counsel has stated that he will oppose the admission of this evidence.

4. As set forth in the government's moving papers above, the evidence of the heroin paraphernalia recovered on August 31, 2019 and the identity theft evidence recovered on October 30, 2019 are properly admitted as inextricable intertwined with evidence of the charged crimes in this case, namely, the possession with intent to distribute methamphetamine counts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on April 13, 2020.

SUSAN S. HAR