NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SUSAN S. HAR (Cal. Bar No. 301924)
ASHLEY FILLMORE (Cal. Bar Pending)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3289/2416
     Facsimile: (213) 894-0141
     E-mail:    susan.har@usdoj.gov
                ashley.fillmore@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-714(A)-PA |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR FELONY CONVICTION, OTHER BAD ACTS, AND PRIOR INCONSISTENT STATEMENT FOR IMPEACHMENT PURPOSES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION |
| v. | |
| RAYMOND GHALOUSTIAN, | |
| Defendant. | |
| | Hearing Date: May 4, 2020<br>Time:         3:00 p.m. |
| | Trial Date:   May 26, 2020<br>Time:         8:30 a.m.<br>Location:     Courtroom of the<br>              Hon. Percy Anderson |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ashley Fillmore and Susan S. Har, hereby files its motion in limine to admit evidence of defendant's: (1) prior forgery conviction under Federal Rule of

Evidence 609; (2) other uncharged acts under Federal Rule of Evidence 608; and (3) prior inconsistent statement under Federal Rule of Evidence 613 on cross examination, if defendant testifies at trial.

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 13, 2020   Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

         /s/
ASHLEY FILLMORE
SUSAN S. HAR
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Raymond Ghaloustian ("defendant") is charged with two counts of possession with intent to distribute methamphetamine; two counts of carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime; and two counts of being a prohibited person in possession of firearms and ammunition.  Should defendant testify at trial, the government will seek to impeach his credibility pursuant to Federal Rules of Evidence 609, 608, and 613.  First, the government should be permitted to introduce evidence of defendant's 2015 felony conviction for forgery — a crime involving a dishonest act — under Rule 609(a)(2).  Second, pursuant to Rule 608(b)(1), the government should be permitted to cross-examine defendant regarding specific instances of uncharged conduct, namely, his possession of various fraudulent credit cards, ID cards, and personal identifying information of other individuals during his August 31, 2019 and October 30, 2019 arrests.  Third, if defendant denies that the black purse with drugs and a scale (that was in the car when he was stopped on October 30, 2019) belongs to him, evidence of his prior inconsistent statement to law enforcement that he owned the purse is admissible under Rule 613.

**II.   FACTUAL BACKGROUND**

   **A.   Defendant's August 31, 2019 and October 30, 2019 Arrests**

The charges in this case arise from defendant's possession of drugs and guns on two separate days: the first on August 31, 2019

(Counts One, Two, and Three) and the second on October 30, 2019 (Counts Four, Five, and Six).[1]

On August 31, 2019, Los Angeles Police Department ("LAPD") officers found in defendant's waistband a loaded Beretta, model 92FS, 9mm caliber pistol, with an obliterated serial number.  Upon a further search of defendant's person, officers also found: (1) in his front pocket, (a) a baggie with approximately 27.8 grams of actual methamphetamine, and (b) several gray cards resembling credit cards with a black magnetic strip on one side; and (2) in his wallet, (a) more of the gray credit cards, and (b) over $1,600 in cash in multiple denominations.  Defendant was arrested.

On October 30, 2019, LAPD officers found a large black purse in the rear seat of the car that defendant claimed was his.  An LAPD officer held up the purse and called to defendant and the uncharged passenger, "Whose purse is this?"  Defendant responded, "That's my purse."  The officer resumed his search of the purse and found inside a digital scale, a plastic baggie, and a brown vial, containing 25.68 grams and 1.87 grams, respectively, of actual methamphetamine.  LAPD officers then arrested defendant and gave him the Miranda advisement.  Upon a search of defendant's person, the officer found: (1) in his pocket, over 20 suspected fraudulent credit cards and ID cards; (2) in his front left pocket, two baggies – one with 15.36 grams and one with 21.52 grams of actual methamphetamine; and (3) concealed in defendant's groin area, a loaded Smith & Wesson, Model Bodyguard 380, .380 caliber, semi-automatic pistol, with an obliterated serial number, and a bullet in the chamber.  Also in the backseat area,

---

[1] A more fulsome discussion of the facts is set out in the Government's Motion in Limine No. 1.

2

officers found a backpack containing: (1) a pink binder with papers with PII; (2) pages printed with fraudulent passports bearing defendant's photograph but different names and identifying information; and (3) a blank template for a California driver's license.  In the center console, officers found a notebook with handwritten PII.

### B.   Defendant's Prior Convictions

At the time of the August and October arrests, defendant had been convicted of the following felony crimes, each punishable by a term of imprisonment exceeding one year: (1) Forgery Financial Instrument, in violation of Texas Penal Code 32.21(d), in the 219th Judicial District Court of Collin County, Texas, case number 219-82605-2014, on or about June 5, 2015; (2) Grand Theft, in violation of California Penal Code Section 484E(D), in the Superior Court for the State of California, County of Los Angeles, case number GA095641, on or about January 29, 2016; and (3) Vehicle Theft, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Los Angeles, case number LA084543, on or about November 10, 2016.  Defendant also previously had been convicted of a misdemeanor crime of domestic violence, in violation of California Penal Code Sections 242, 243(e), in the Superior Court for the State of California, County of Santa Clara, case number CC626906, on or about June 16, 2006.

## III. ARGUMENT

Should defendant choose to testify, thereby putting his credibility at issue, the government should be permitted to attack defendant's credibility on issues permitted by Federal Rules of Evidence 609(a)(2), 608(b) and 613(b).

### A. Defendant's Prior Conviction for Forgery Is Permissible Impeachment Under Rule 609(a)(2)

Under Rule 609(a)(2), "for any crime regardless of punishment, the evidence <u>must be admitted</u> if the court can readily determine that establishing the elements of the crime required proving – or the witness admitting – a dishonest act or false statement." Fed. R. Evid. 609(a)(2) (emphasis added). Unlike in Rule 609(a)(1)(B), where the Court must employ a balancing test in order to determine the admissibility of a prior conviction, no such balancing test is required for prior convictions falling under subdivision (a)(2). Rather, subdivision (a)(2) mandates admission of a prior conviction if it involves a dishonest act or false statement.

Defendant's 2015 conviction for forgery, in violation of Texas Penal Code section 32.21(d), has the following elements: (1) with the intent to defraud or harm another, (2) defendant passed, (3) a writing, (4) that purported to be the act of another, and (5) that the other person did not authorize the act. Texas Crim. Jury Charges § 8:1090. Because defendant's 2015 conviction for forgery involves a dishonest act or false statement, the government is entitled to impeach defendant on this conviction should he testify at trial.

### B. Evidence of Defendant's Fraudulent Conduct at the Time of His Arrests Is Permissible Impeachment Under Rule 608(b)

Rule 608(b) provides that the Court may, on cross-examination, allow inquiry into specific instances of a witness's conduct, though not the subject of criminal conviction, if they are probative of the witness's character for truthfulness or untruthfulness.

The government should be permitted to cross-examine defendant about his other, uncharged acts that directly bear on his character

4

for truthfulness.  Specifically, the government should be permitted to cross-examine defendant about uncharged acts on August 31 and October 30, 2019, including his possession of numerous fraudulent credit cards and ID cards, handwritten notes of individuals' PII, and fraudulent passport pages bearing defendant's photograph.[2]

With respect to the balancing analysis set out in Rule 403, which applies generally to all evidence sought to be introduced at trial, the probative value of defendant's uncharged acts clearly outweighs any prejudicial effect.  Evidence of defendant's fraudulent conduct will allow the government to show that defendant has repeatedly engaged in dishonest conduct and, therefore, may hold little regard for the oath to tell the truth while testifying.  There is little risk that the introduction of this conduct will have a prejudicial effect, given the dissimilarity between these acts and the charged conduct.  Any concern the Court may have about potential confusion of the issues or the jury's improper use of this evidence can be resolved with a limiting instruction directing the jury to consider the prior acts only in assessing the defendant's credibility.

### C. Defendant's Prior Statement Regarding His Ownership of the Purse Is Admissible Impeachment under Rule 613

Defendant's admission on October 30, 2019 that the purse containing drugs and a scale belonged to him is admissible both as an admission of a party-opponent and for cross-examination should defendant choose to testify.  Rule 613(a) provides that a witness may

---

[2] The government also seeks to introduce this evidence in its case-in-chief, as described in the Government's Motion in Limine No. 1.

5

be examined regarding prior statements.  Further, Rule 613(b) provides that a witness may be impeached with extrinsic evidence of prior inconsistent statements "if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it."  Notably, this rule even extends to a defendant's admissions before any Miranda warnings if the defendant gives testimony at trial that conflicts with a statement made to the police.  See Kansas v. Ventris, 556 U.S. 586 (2009).

Here, during the October 30 arrest, defendant told an LAPD officer that the black purse in the rear of the car – the one containing the digital scale and two containers of methamphetamine – belonged to him.  Should defendant take the stand and testify at trial that the black purse did not belong to him, the government should be permitted to introduce evidence of defendant's prior inconsistent statement.  Specifically, the government should be permitted to cross-examine defendant and play the portion of the body-worn video in which the officer asks "whose purse is this?" and defendant responds, "That's my purse."

## IV. CONCLUSION

For these reasons, if defendant testifies at trial, the government should be permitted to impeach him with (and to admit evidence of) his 2015 forgery conviction and his other bad acts related to fraudulent activity, and, if defendant disclaims ownership of the purse, admit his prior, inconsistent statement regarding the same.

OPPOSITION TO GOVERNMENTS MOTION IN LIMINE NO. 2

The Government is giving notice that, should Mr. Ghaloustian testify at trial, the Government will seek to introduce one of Mr. Ghaloustian's prior convictions, uncharged conduct of identity theft and fraud relating to the arrests, as well as statements allegedly made by Mr. Ghaloustian in violation of *Miranda*. The defense objects.

### A. The Probative Value of The Prior Conviction Is Outweighed By the Prejudice It Will Cause

Even if a prior felony conviction is admissible to attack the credibility of a testifying defendant under Fed. R. Evid. 609(a)(1)(b), the Court must still be concerned about the danger of unfair prejudice to the defense and weigh the danger of unfair prejudice against the probative value of the conviction. *Id., See also U.S. v. Bagley*, 772 F.2d 482, 488 (9th Cir. 1985). The *Bagley* Court stated:

> Factors a district court should consider in reaching the appropriate balance are: (1) the impeachment value of the prior crime; (2) the temporal relationship between the conviction and the subsequent history of the defendant; (3) the similarity between the prior offense and the offense charged; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. [citation omitted]"

*Id.* at 487.

Furthermore, in the present case, any evidence of a felony conviction is particularly of limited use, because the jury will already know that Mr. Ghaloustian is a convicted felon.[3]

### B. Evidence off "Other Bad Acts" Is Irrelevant, Lacks Probative Value And Will Create Unfair Prejudice To The Defense

As detailed in Defendant's Opposition to Motion in Limine No. 1, the evidence in question is irrelevant, as it has no relationship to the crimes charged. It is unclear how introduction of this evidence will help the jury "in assessing defendant's credibility".

---

[3] The defense has agreed to stipulate that at the time of both arrests, Mr. Ghaloustian was a convicted felon.

7

Government's at 5.  Whether Mr. Ghaloustian engaged other criminal activity, such as fraud, has no probative value as to the present charges.

The introduction of evidence that is virtually irrelevant, and with virtually no probative value is most likely to create an unfair prejudice to the defense.

### C. Any Statements In Violation of Miranda Were Involuntary And Should Be Excluded

During both arrests, defendant was arrested and questioned, without the benefit of *Miranda* warnings.  The Government seeks to introduce statements allegedly made by defendant should he decide to testify.  According to the police reports, a woman's purse was found in the car, and inside this purse there were additional narcotics, as well as a passport (not defendant's) and other items indicating that the purse belonged or was being used by a woman.  The defense disputes the Government's assertion that Mr. Ghaloustian admitted the purse belonged to him.

The Government's purported reliance on *Kansas v. Ventris*, 556 U.S. 586 (2009) is misplaced.  *Ventris* dealt with statements made to a jail house informant, in violation of defendant's Sixth Amendment rights (and a violation of *United States v. Messiah*, 377 U.S. 20 (1964)).  *Id.* at 590.  Indeed, *Ventris* has an appropriate admonition to the prosecution, noting that  "Permitting the State to cut corners in criminal proceedings taxes the legitimacy of the entire criminal process").  *Id.*  at 597 (J. Stevens, dissenting).

The defense further contends that any statements allegedly made by defendant in violation of *Miranda* are not admissible, even for impeachment, because these are involuntary statements, and involuntary statements are not admissible, even for impeachment purposes, because the methods used to extract such statements offend the Constitution itself. *See e.g. Mincey v. Arizona*, 437 U.S. 385 (1978) (even if statements may admissible under *Miranda* for purposes of impeachment, involuntary statements are not admissible at trial at all.)

**GOVERNMENT'S REPLY**

**A.   Defendant's Forgery Conviction Should Be Admitted under Rule 609(a)(2)**

The defense misapplies to defendant's forgery conviction the factors articulated in United States v. Badgley, which apply to prior convictions introduced pursuant to Rule 609(a)(1)(b).  However, the government would seek to introduce defendant's forgery conviction pursuant to Rule 609(b), which does not require a balancing test but rather mandates the admission of the forgery conviction because it involves a dishonest act or false statement.

**B.   Evidence of Defendant's Other Bad Acts Is Critical to Assessing the Credibility of His Testimony**

The defense argues that evidence of defendant's other bad acts is not admissible because it has "no probative value as to the present charges."  First, it does have probative value—defendant claimed the purse containing drug-trafficking paraphernalia was his.  In any case, however, its probative value is irrelevant for purposes of impeachment.  The purpose of this motion is to introduce defendant's other bad acts to allow the jury to evaluate defendant's credibility, regardless of relevance to the present charges.  Further, the defense has articulated no reason why such evidence would mislead the jury or how any danger of prejudice could not be addressed by a limiting instruction.

**C. Defendant's Statements to the LAPD Officers Were Voluntary and Thus Admissible**

The defense generically asserts that defendant's statements to the LAPD officers were involuntary--and therefore inadmissible-- without offering any facts to substantiate this claim.

9

Whether a defendant's statement was voluntary turns on "whether the statement is the product of an essentially free and unconstrained choice by its maker." Gurrola v. McDonald, 627 F. App'x 601, 603 (9th Cir. 2015) (internal citations omitted).  In making this assessment, courts should take into account "the surrounding circumstances and the combined effect of the entire course of the officer's conduct upon the defendant," as well as "the declarant's state of mind, the physical environment in which the statement was given, and the manner in which the declarant was questioned." Pollard v. Galaza, 290 F.3d 1030, 1033 (9th Cir. 2002) (citing Mincey v. Arizona, 437 U.S. 385 (1978).[4]

In applying these factors, it is clear that defendant's statements were voluntary and therefore admissible.  The officers' overall conduct toward defendant throughout the search and subsequent arrest was calm and professional.  Defendant's physical environment was non-threatening--although defendant was in handcuffs, he was on the sidewalk, not in an interrogation room.  Finally, the officers' manner of questioning indicates that defendant's statement was voluntary:  Officer Castaneda held up the handbag for defendant and his companion to see and called out in a casual tone, "Whose purse is this?"  No one coerced defendant into replying, "That's my purse." Accordingly, the Court should permit the government to impeach defendant with his statement that the purse belonged to him.

---

[4] Mincey v. Arizona, cited by the defendant, held that a defendant's statements were involuntary, where defendant was in a hospital, "depressed almost to the point of coma," and "encumbered by tubes, needles, and breathing apparatus."  This could not be further from the circumstances in the case at hand.

**DECLARATION OF COUNSEL**

I, ASHLEY FILLMORE, declare as follows:

1. I am an Assistant United States Attorney in the Central District of California. I am one of the prosecutors assigned to the case United States v. Raymond Ghaloustian, No. CR 19-714(A)-PA.

2. The government seeks an order from this Court admitting evidence of defendant's (1) prior forgery conviction under Federal Rule of Evidence 609; (2) other uncharged acts under Federal Rule of Evidence 608; and (3) prior inconsistent statement under Federal Rule of Evidence 613 on cross examination, if defendant testifies at trial.

3. AUSA Susan Har and I have discussed the subject of this motion with defense counsel on the telephone and via email. Defense counsel has stated that he will oppose the admission of this evidence.

4. As set forth in the government's moving papers above, the evidence of defendant's (1) prior forgery conviction; (2) uncharged acts, including his possession of numerous fraudulent credit cards and ID cards, individuals' PII, and fraudulent passport pages; and (3) statement that the black purse in the vehicle belonged to him are properly admitted as impeachment evidence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on April 1, 2020.

_Ashley Fillmore_
ASHLEY FILLMORE