AMENDED
per the Court's request

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SUSAN S. HAR (Cal. Bar No. 301924)
ASHLEY FILLMORE (Cal. Bar Pending)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3289/2416
    Facsimile: (213) 894-0141
    E-mail:  susan.har@usdoj.gov
            ashley.fillmore@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-714(A)-PA |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| RAYMOND GHALOUSTIAN, | |
| Defendant. | **CURRENT TRIAL DATE:** 04/07/2020<br>**PROPOSED TRIAL DATE:** 5/26/2020<br><br>**CURRENT FSC DATE:** 3/30/2020<br>**PROPOSED FSC DATE:** 5/18/2020 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Susan Har and Ashley Fillmore, and defendant RAYMOND GHALOUSTIAN ("defendant"), individually and by and through his counsel of record, Humberto Diaz, hereby stipulate as follows:

1. The Original Indictment in this case was filed on November 26, 2019. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on October 31, 2019. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 4, 2020.

2. On December 9, 2019, the Court set a trial date of January 21, 2020 and a final status conference date of January 13, 2020.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately three days.

4. The Court has previously continued the trial date in this case from January 21, 2020 to April 7, 2020, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. The Superseding Indictment in this case was filed on March 17, 2020. Defendant first appeared before a judicial officer of the court in which the charges in the Superseding Indictment were pending on March 23, 2020. The charges in the Original Indictment were not required to be joined with the new charges in the Superseding Indictment. See United States v. Thomas, 726 F.3d 1086, 1091 (9th Cir. 2013). Therefore, the Superseding Indictment commences a new, independent speedy trial period under the Speedy Trial Act, 18 U.S.C. § 3161 with respect to the new charges in the Superseding Indictment. Id. The Speedy Trial Act, 18 U.S.C. § 3161 requires that the trial commence on or before June 1, 2020 as to the new charges in the Superseding Indictment.

6. By this stipulation, defendant moves to continue the trial date to May 26, 2020 and the final status conference to May 18, 2020. This is the second request for a continuance.

7. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with the following: Count One for possession with intent to distribute at least five grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); Count Two for carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); Count Three for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); Count Four for possession with intent to distribute at least five grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); Count Five for carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Count Six for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  The government has produced discovery to the defense, including over 600 pages of written reports and documents, phone data, and six bodyworn videos totaling several hours in length.

    b. Defense counsel presently has trial conflicts described in Attachment A.  Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare.

    c. Additionally, on March 9, 2020, the parties filed a signed plea agreement.  However, following various plea discussions, as well as court appearances on March 16, 20, and 23, 2020, defendant informed the Court on March 23, 2020 that he no longer wished to plead guilty and instead wished to proceed to trial.  Accordingly, additional time is necessary in view of the aborted plea.

1          d.    On March 13, 2020, the Central District of California entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (March 13, 2020).  The Court also ordered that the time period of any continuance granted by a District Judge of this Court and entered as a result of this order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial.  Absent further order of the Court or any individual judge, the Court ordered the period of exclusion to be from March 13, 2020, to April 13, 2020.

        e.    The same day, the Court entered another General Order imposing health- and travel-related limitations on access to Court facilities.  C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (March 13, 2020).  These orders were imposed based on both (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease.  <u>See</u> General Order 20-02, at 1.

        f.    On March 16, 2020, Los Angeles Mayor Eric Garcetti imposed temporary restrictions to stop large numbers of people from gathering and staying in close proximity, including closing many businesses and restaurants within the city of Los Angeles.  The mayor encouraged people to "keep[] a safe distance from one another," to

1  "slow the spread of COVID-19."  These restrictions will remain in
2  place until at least March 31, 2020.  The same day, all schools in
3  the Los Angeles Unified School District closed.  They will remain
4  closed until May 1, 2020.
5              g.   On March 19, 2020, the Court entered General Order 20-
6  042, In re: Coronavirus Public Emergency Activation of Continuity of
7  Operations Plan.  Amongst other measures, the Court thereby closed
8  all Courthouses of the Central District of California, except for
9  criminal duty matters, until and including May 1, 2020.  The Court
10 imposed the Order based on both (1) the California Governor's
11 declaration of a public-health emergency in response to the spread of
12 COVID-19, also known as Coronavirus, as well as (2) the President's
13 declaration of a national emergency in response to the COVID-19
14 pandemic.
15             h.   The Federal Bureau of Prisons has likewise adopted
16 intense procedures to protect federal inmates.  This includes
17 suspending "drop-in" legal visits for 30 days and restricting inmate
18 movement between facilities.  See Federal Bureau of Prisons COVID-19
19 Action Plan: Agency-Wide Modified Operations (March 13, 2019),
20 available at https://www.bop.gov/resources/news/20200313_covid-
21 19.jsp.
22             i.   In light of the foregoing, counsel for defendant
23 represents that additional time is necessary to confer with
24 defendant, conduct and complete an independent investigation of the
25 case, conduct and complete additional legal research including for
26 potential pre-trial motions, review the discovery and potential
27 evidence in the case, and prepare for trial in the event that a
28 pretrial resolution does not occur.  Defense counsel represents that

failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  j. At the March 23, 2020 status conference, the Court inquired whether defendant would consent to a new trial date of May 26, 2020, and defendant represented that he had no objection to moving the trial.

  k. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

  l. The government does not object to the continuance.

  m. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

 8. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of April 7, 2020 to May 26, 2020, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel

and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

///

///

///

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: March 26, 2020                    Respectfully submitted,

                                         NICOLA T. HANNA
                                         United States Attorney

                                         BRANDON D. FOX
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                              /s/ *Ashley Fillmore*
                                         ─────────────────────────────────
                                         ASHLEY FILLMORE
                                         SUSAN S. HAR
                                         Assistant United States Attorneys

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA



                                          *per email authorization*
                                         ─────────────────────────────────
                                         HUMBERTO DIAZ
                                         Attorney for Defendant Raymond
                                         Ghaloustian

I am RAYMOND GHALOUSTIAN's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than May 26, 2020 is an informed and voluntary one.

*per email authorization*                           March 26, 2020
HUMBERTO DIAZ                                       DATE
Attorney for Defendant
RAYMOND GHALOUSTIAN